UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 09-157 |
| CHARLES RAYMOND | SECTION I |

# ORDER

Before the Court is a motion[1] for reconsideration filed by defendant, Charles Raymond. Defendant moves this Court to reconsider its previous order denying his request for leave to file an out-of-time appeal. For the following reasons, the motion is **DENIED**.

Raymond was sentenced to a term of life imprisonment following his conviction on charges related to the carjacking and murder of Nathaniel Robertson. This Court entered its judgment on January 13, 2012. The judgment was amended on April 2, 2012, to modify the restitution order. Pursuant to the Federal Rules of Appellate Procedure, the deadline for Raymond to file a notice of appeal expired—at the latest—on April 16, 2012. *See* Fed. R. App. P. 4(b)(1)(A). The 30-day window for an extension of time closed 30 days later on May 16, 2012. *See* Fed. R. App. P. 4(b)(4). Raymond did not file his motion for leave to file an out-of-time appeal until August 2, 2012.

On August 9, 2012, this Court denied Raymond's motion for leave to file an out-of-time appeal. The Court explained that it is not required to disregard the time limits set forth in Federal Rule of Appellate Procedure 4(b), and the government did not waive its objections to the same. *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006);*United States v.*

---

[1] R. Doc. No. 446.

1

*Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). The Court also noted that Raymond had failed to establish that the time for filing an appeal should be extended for "excusable neglect" or "good cause."

Raymond now suggests that the time limits set forth in the Federal Rules of Appellate Procedure may be extended for good cause or excusable neglect pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B). In support of his request, Raymond asserts that his counsel recently learned from Raymond's family members that he would like to file an appeal. He contends that his counsel acted diligently once he learned that Raymond wanted to file an appeal.

Rule 45(b)(1)(B) provides, "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). The "excusable neglect" standard has been described as a "somewhat elastic concept" that is "flexibly interpreted" and is "at bottom an equitable [determination]." *See Pioneer Inv. Servs v. Brunswick Associates*, 507 U.S. 380, 113 S. Ct. 1489, 1500, 123 L. Ed. 2d 74 (1993). The Court must take into account all relevant circumstances including "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. While recognizing that excusable neglect "may extend to inadvertent delays," the U.S. Supreme Court has stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 391-92. *See also United States v. Clark*, 51 F.3d 42, 44 (5th Cir.1995) (applying the *Pioneer* standard in the context of Federal Rule of Appellate Procedure 4); *United States v. Munoz*, 605 F.3d 359 (6th

Cir. 2010) (applying the *Pioneer* standard in the context of Federal Rules of Criminal Procedure 33 and 45(b)(1)(B)).

Raymond waited more than six months after this Court entered its judgment before expressing any interest in filing an appeal. Raymond has given no explanation for the lengthy delay. The fact that his counsel acted promptly upon learning of Raymond's untimely decision to pursue an appeal does not explain why Raymond failed to file an appeal within the time limits established by law. In the absence of any explanation for the delay in attempting to file an appeal, this Court cannot find that the delay resulted from excusable neglect. *See, e.g.*, *Hooks v. United States*, No. 04-192, 2007 WL 756594, at *1 (E.D. La. Mar. 8, 2007) (Barbier, J.) (finding no excusable neglect when the plaintiff failed to explain why he waited until after the time had expired to request an extension when he could have filed the same motion with the delays allowed by law). Accordingly, even if this Court had the authority to extend the deadline for filing an appeal for "good cause" or "excusable neglect,"[2] the Court does not find that an extension is warranted under these circumstances.

Considering the foregoing,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, August 24, 2012.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] Defendants have cited no authority for the proposition that Federal Rule of Criminal Procedure 45 applies to the time limitations set forth in Federal Rule of Appellate Procedure 4(b) or for the proposition that this Court may extend the time to file an appeal in this case beyond the time limit set forth in Rule 4(b).