# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 09-157** |
| **CHARLES RAYMOND** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] for an out-of-time appeal filed by defendant, Charles Raymond ("Raymond"), pursuant to 28 U.S.C. § 2255. The government has filed an opposition.[2] For the following reasons, the motion is **DENIED** and his application for relief under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On January 12, 2012, Raymond was sentenced to a term of life imprisonment following his conviction on charges related to the carjacking and murder of Nathaniel Robertson.[3] This Court entered its judgment on January 13, 2012.[4] The judgment was amended on April 2, 2012 to modify the restitution order.[5] The amended judgment added a co-defendant, Jamal Walton, as an additional defendant who is jointly and severally liable for the $6,000 restitution obligation

---

[1] R. Doc. No. 460.

[2] R. Doc. No. 461.

[3] R. Doc. No. 381.

[4] R. Doc. No. 382.

[5] R. Doc. No. 427.

payable to the family of the victim.[6] The amended judgment further corrected the name of another co-defendant, Adrian McDaniel, to reflect that he is also jointly and severally liable for the restitution obligation.[7]

On August 2, 2012, Raymond filed a motion for leave to file an out-of-time appeal.[8] The Court noted that even if the date of the amended judgment applied, a finding the Court expressly declined to make, his motion for an out-of-time appeal was more than two months late.[9] The Court then denied Raymond's motion explaining that it is not required to disregard the time limits set forth in Federal Rule of Appellate Procedure 4(b) and that the government had not waived its objection to the same.[10] The Court also explained that Raymond had failed to establish that the time for filing an appeal should be extended for "excusable neglect" or "good cause."[11]

On August 20, 2012, Raymond filed a motion for reconsideration suggesting that the time limits set forth in the Federal Rules of Appellate Procedure may be extended for good cause or excusable neglect pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B).[12] Raymond asserted that his counsel recently learned from his family members that he would like to file an

---

[6] Amended judgments were entered for Adrian McDaniel, Adrian Alexis, and Charles Raymond after the restitution obligation had been determined and all defendants had been sentenced. *See* R. Doc. Nos. 425, 426, 427.

[7] R. Doc. No. 427.

[8] R. Doc. No. 439.

[9] R. Doc. No. 443.

[10] *Id.*

[11] *Id.*

[12] R. Doc. No. 446.

appeal.¹³ Raymond also argued that his counsel acted diligently once he learned that Raymond wanted to file an appeal.¹⁴

The Court denied Raymond's motion for reconsideration because he failed to show good cause or excusable neglect warranting an extension.¹⁵ The Court explained that even if the Federal Rules of Criminal Procedure authorized an extension of time in his case, Raymond had waited more than six months after this Court entered its judgment before expressing any interest in filing an appeal.¹⁶ The fact that Raymond's counsel may have acted promptly upon learning of his untimely decision to pursue an appeal did not explain why Raymond failed to file an appeal within the time limits established by law.¹⁷ Without any explanation for the lengthy delay, the Court declined to extend the time to appeal for good cause shown or due to excusable neglect.¹⁸

On March 29, 2013, Raymond filed the present motion for an out-of-time appeal under 28 U.S.C. § 2255.¹⁹ Raymond argues that his trial counsel was ineffective for failing to file a timely notice of appeal or, alternatively, for failing to file a timely motion to withdraw such that appellate counsel would have been automatically appointed by the Criminal Justice Act ("CJA")

---

¹³ *Id.*

¹⁴ *Id.*

¹⁵ R. Doc. No. 448.

¹⁶ *Id.*

¹⁷ *Id.*

¹⁸ *Id.*

¹⁹ R. Doc. No. 460.

panel.[20] The government responds that Raymond has neither come forward with an affidavit in support of his claim nor pointed to any evidence in the record suggesting that his trial counsel failed to file a notice of appeal pursuant to his request or failed to discuss with Raymond his right to appeal.[21]

On April 23, 2013, this Court requested additional briefing from the parties with respect to whether Raymond's § 2255 motion is timely and whether the government is waiving the statute of limitations.[22] The government advised the Court that it is not waiving the statute of limitations defense.[23] The government argues that the one-year time period to file a § 2255 motion expired well before this motion was filed as Raymond, through the exercise of due diligence, could have discovered his counsel's failure to file a direct appeal almost immediately after being sentenced.[24]

Raymond concedes that he filed his motion more than one year after the date on which the judgment of conviction became final, but he argues that he could not have discovered the facts underlying his claim through the exercise of due diligence until July 24, 2012, which he contends is the date he actually discovered that no appeal was filed on his behalf.[25] Raymond requests an evidentiary hearing to determine whether he in fact acted with due diligence.[26]

---

[20] *Id.*

[21] R. Doc. No. 461.

[22] R. Doc. No. 463.

[23] R. Doc. No. 464.

[24] *Id.*

[25] R. Doc. No. 469.

[26] *Id.*

Alternatively, Raymond argues that equitable tolling is appropriate because his counsel was unable to review the transcripts of the trial and sentencing prior to the filing deadline and he did not want to risk waiving any issues on appeal.[27]

## *LAW AND ANALYSIS*

Before reaching the merits of Raymond's claim of ineffective assistance of counsel, this Court must determine whether he has complied with the one-year statute of limitations. The statute of limitations for filing a motion to vacate under 28 U.S.C. § 2255 is found in 28 U.S.C. § 2255(f), which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations runs from the latest of the four possible dates listed in § 2255(f). *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (unpublished).

Where, as here, the defendant does not file a direct appeal, the defendant's conviction becomes final for purposes of § 2255(f)(1) upon the expiration of the time period for filing a

---

[27] *Id.*

5

direct appeal under Federal Rule of Appellate Procedure 4(b). *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). This Court entered its judgment in Raymond's case on January 13, 2012. Fourteen days later, on January 27, 2012, his conviction became final as the time expired for Raymond to file a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). The statute of limitations for filing a § 2255 motion expired one year later on January 27, 2013. The one-year limitations period was not tolled by the amended judgment entered on April 2, 2012, which merely modified the restitution order to name additional defendants responsible for the restitution obligation. *See* 18 U.S.C. § 3664(o)[28]; *Perry v. United States*, No. 09-1101, 2010 WL 431333, at *3 (W.D. Mich. Jan. 27, 2010). Because Raymond did not file this motion to vacate until March 29, 2013, the motion is untimely under § 2255(f)(1).

The motion is also untimely when considered under § 2255(f)(4). The limitations period under § 2255(f)(4) begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "For this provision to apply, 'a petitioner's diligence must merely be "due" or

---

[28] 18 U.S.C. § 3664(o) provides as follows:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
>
> (1) such a sentence can subsequently be--
>
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> (B) appealed and modified under section 3742;
>
> (C) amended under subsection (d)(5); or
>
> (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

"reasonable" under the circumstances.' " *Jackson*, 470 F. App'x at 327 (quoting *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008)). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" he should act. *Id.* (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)). "In applying § 2255(f)(4), '[t]he important thing is to identify a particular time when . . . diligence is in order.' " *Id.* (quoting *Johnson*, 544 U.S. at 308). "[O]nce the limitations period starts running under subsection (f)(4) . . . the movant gets the benefit of a full year even if he delays filing until the last minute of it." *Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011).

Raymond claims that the statute of limitations under 2255(f)(4) should run from July 24, 2012, which is the date his family allegedly contacted his trial attorney to check the status of his appeal. Raymond argues that diligence was not in order before that date because his trial attorney explained to him that an appeal would be filed and his ability to check the status of the appeal was "limited" once he was transferred to state custody in Arkansas. Raymond also claims that he did not know who was going to file his appeal. However, he admittedly waited until "several months had gone by and [he] hadn't heard anything" to make any inquiry regarding the status of his appeal,[29] and there is no indication that Raymond made any attempt for nearly six months to determine who was representing him on appeal or when his appeal would be filed.

"The proper task in a case such as this one . . . 'is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.' " *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). The evaluation should take into account "the reality of the

---

[29] R. Doc. No. 469, at p. 4.

prison system" and the fact that "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Wims*, 225 F.3d at 191 (quoting *Easterwood v. Champion*, 213 F.3d 1323 (10th Cir. 2000) and *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). A prisoner should be given enough time "to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion." *Ryan*, 657 F.3d at 607 ("As a factual matter, two months may be reasonable"). *But compare Wims*, 225 F.3d at 190-91 (five month delay might have been reasonable), *with Anjulo–Lopez*, 541 F.3d at 818-19 & n.4 (holding that a three month wait was too long and noting that the claim could have been discovered when the conviction became final with no appeal having been filed). "[T]he district court need not decide precisely how long is too long if it can safely say that, wherever the line is, [the defendant] lies on one side or the other." *Ryan*, 657 F.3d at 608.

A reasonably diligent prisoner in Raymond's circumstances would have discovered the facts underlying his ineffective assistance of counsel claim on January 27, 2012, or—at the latest—February 27, 2012, when his conviction became final and neither a notice of appeal nor an extension of time had been filed pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i) or 4(b)(4). *See Anjulo–Lopez*, 541 F.3d at 819 ("[A] duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information anytime after the deadline for filing the appeal passed."). Raymond admittedly did nothing with respect to his alleged appeal for nearly six months before even attempting to determine who was representing him on appeal.[30] He then waited approximately eight more months until March 29, 2013 to file this motion. Although he claims that his ability to check the status of his appeal was "limited" by his

---

[30] R. Doc. No. 469, at p. 3. *See also id.* at p. 4 ("When several months had gone by and Mr. Raymond hadn't heard anything, he had his family call[] Mr. Williams to get the name of his appellate attorney.").

incarceration in Arkansas, he has not explained why, at a minimum, he could not communicate with counsel or family members to inquire about his appeal while in custody. His lack of diligence is further underscored by his claim that he did not know who would be responsible for filing his appeal, which reasonably should have prompted him to determine whether an appeal had in fact been timely filed. The existing record does not prove the likely merit of any specific allegations regarding his diligence and Raymond has come forward with no affidavit or other evidence to warrant an evidentiary hearing with respect to his level of diligence.[31] *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Because a reasonably diligent prisoner in Raymond's circumstances would have discovered the facts underlying his ineffective assistance of counsel claim more than one year before he filed the present motion, the motion is untimely under § 2255(f)(4).

The Court further finds that the one-year statute of limitations is not subject to equitable tolling in this case. The U.S. Supreme Court has recognized that the one-year statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* However, only "rare and exceptional" circumstances permit equitable tolling of the one-year statute of limitations, and the burden falls on the habeas

---

[31] Raymond also failed to provide an affidavit or any other evidence to substantiate his claim that he either requested an appeal or that his trial counsel failed to advise him with respect to his right to appeal.

petitioner to establish that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008).

Raymond waited almost six months to inquire into the status of his appeal. His counsel's inability to obtain and review the transcripts before the filing deadline is directly attributable to Raymond's own lack of diligence and, in any event, it does not constitute an "extraordinary circumstance" that warrants equitable tolling. *See, e.g.*, *Richardson v. Johnson*, No. 00-2695, 2001 WL 869644, at *3 (N.D. Tex. July 25, 2001) (Fitzwater, J.) ("A petitioner is not entitled to an extended delay while he gathers every scrap of evidence that might support his claim.") (quoting *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010). Because Raymond has not shown that he has been pursuing his rights diligently since his conviction became final or that exceptional circumstances exist, he cannot establish that he is entitled to equitable tolling.

## *CONCLUSION*

Considering the foregoing,

**IT IS ORDERED** that Raymond's motion is **DENIED** and his application for relief under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 21, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**